83,743-01

Thomas Joseph Eppelsheimer
TDCJ No. 01832429; Mark W. Michael Unit
2664 FM 2054, Tennessee Colony, Texas 75886-5000


August 10, 2015


Court Clerk
Court of Criminal Appeals of Texas
Post Office Box 12308
Austin, Texas 78711-2308

RE: Application for a Writ of Mandamus From Dallas County

Criminal District Court No. 6, Dallas County
Trial Court Nos. F11-71319-X(A), F11-71623-X(A),
F11-71624-X(A), F11-71625-X(A)

Dear Hon. Clerk:

Enclosed for filing with the Court of Criminal Appeals of Texas is an **Application for a Writ of Mandamus From Dallas County.** Please file said document and bring it to the attention of the Court.

Thank you for your assistance in this matter.

Sincerely,

THOMAS JOSEPH EPPELSHEIMER
RELATOR/APPLICANT

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 17 2015
Abel Acosta, Clerk

Cc: File

Hon. Jeanine Howard
Criminal District Court No. 6
133 N. Industrial Blvd.
Dallas, Texas 75207-4313

NO. _____

TRIAL COURT NOS. F11-71319-X(A), F11-71623-X(A),
F11-71624-X(A) & F11-71625-X(A)

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

THOMAS JOSEPH EPPELSHEIMER,
Relator

v.

HON. JEANINE HOWARD, JUDGE, CRIMINAL DISTRICT COURT NO. 6,
Respondent

APPLICATION FOR A WRIT OF MANDAMUS
FROM DALLAS COUNTY

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES, THOMAS JOSEPH EPPELSHEIMER, Relator in the above-styled and numbered cause of action, and files his Application For A Writ Of Mandamus, pursuant to the original jurisdiction of this Court. In support of this application Relator submits the following:

**RELATOR**

Relator has exhausted his remedies and has no other adequate remedy at law.

The act sought to be compelled is ministerial and not discretionary in nature. Article 1.051(d)(3) of the Texas Code of Criminal Procedure states in pertinent part: "An eligible indigent defendant is entitled to have the trial court appoint an attorney

1

to represent him in...a habeas corpus proceeding if the court concludes that the interests of justice require representation." **TEX. CODE CRIM. PROC. art. 1.051(d)(3).**

On July 9, 2015, Relator filed his motion for appointment of counsel with the trial court in which Respondent presides. See **EXHIBIT 1.** Relator attached his affidavit of indigency to his motion in order to provide proof that he is indigent. See **Id.** In his motion, Relator showed the trial court that the interests of justice require representation because: (1) Relator will be submitting several grounds of ineffective assistance of trial counsel in his application for a writ of habeas corpus and it will be the initial-review of said grounds; (2) Relator desires to conduct discovery, but is unable to do so without an attorney; and (3) Relator requests an evidentiary hearing in order to develop the facts and to provide the proof to support his claims. See **Id.**

Respondent has failed to appoint an attorney to represent Relator in his post-conviction habeas proceeding and more than 30 days have passed. There is no statute requiring Respondent to rule on Relator's motion within a specified time-frame.

Relator has not submitted his application for a writ of habeas corpus under Code of Criminal Procedure, Article 11.07 because he cannot determine the grounds to be raised without first conducting discovery.

### RESPONDENT

Respondent, Honorable jeanine Howard, in her official capacity as Judge of the Criminal District Court No. 6 of Dallas County, Texas, has a duty to decide whether Relator is an eligible

2

indigent defendant and to appoint an attorney, or deny the motion.

Respondent is in violation of her duties as Judge by refusing to rule on Relator's motion, is acting in bad faith, and has failed to afford Relator the professional and common courtesy of any response to his requests.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator respecfully requests a finding that: (1) he is indigent; (2) that the interests of justice require representation; and (3) that Respondent has not appointed an attorney to represent Relator or denied his motion. Relator prays that an order directing Respondent to appoint an attorney to represent and assist Relator in the habeas proceeding be issued or Respondent be directed to make a ruling on Relator's motion. Relator further prays for any other relief the Court deems him justly entitled.

Respectfully submitted,

THOMAS JOSEPH EPPELSHEIMER
RELATOR/APPLICANT
TDCJ No. 01832429
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing application has been served by placing same in the United States Mail, postage prepaid, on this 10th day of August, 2015, addressed to Honorable Jeanine Howard, Criminal District Court No. 6, 133 N. Industrial Blvd., Dallas, Texas 75207-4313.

THOMAS JOSEPH EPPELSHEIMER
RELATOR/APPLICANT

3

EXHIBIT 1

NOS. F11-71319-X(A), F11-71623-X(A),
F11-71624-X(A) & F11-71625-X(A)

EX PARTE                                §        IN THE CRIMINAL DISTRICT
                                        §
                                        §            COURT NO. 6 OF
                                        §
THOMAS JOSEPH EPPELSHEIMER              §            DALLAS COUNTY, TEXAS

## APPLICANT'S MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas Joseph Eppelsheimer, Applicant in the above styled and numbered cause, and requests appointment of counsel to represent and assist him in filing an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure and in the post-conviction habeas proceeding. In support of this motion Applicant submits to the Court the following:

### JURISDICTION

Applicant seeks appointment of counsel in this Court pursuant to Texas Code of Criminal Procedure Articles 1.051(d)(3) and 11.07, which provide the Court with limited jurisdiction over Applicant and the subject matter as Applicant was convicted within this Court in cause numbers F11-71319-X, F11-71623-X, F11-71624-X & F11-71625-X.

### AUTHORITY

An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in...a habeas corpus proceeding if the court concludes that the interests of justice require representation. TEX. CODE CRIM. PROC. art. 1.051(d)(3).

### INDIGENCY

Applicant is currently incarcerated in the Mark W. Michael Unit of the Texas Department of Criminal Justice - Correctional

1

Institutions Division in Tennessee Colony, Texas, pursuant to convictions and sentences in this Court. Applicant is penniless, destitute and an indigent person, who is not financially able to employ counsel to represent him in this post-conviction habeas proceeding. An affidavit of indigency is attached and incorporated hereto as "EXHIBIT 1."

IN THE INTERESTS OF JUSTICE

## A. Ineffective Assistance of Trial Counsel

Applicant intends to raise several grounds related to the ineffective assistance of his trial counsel in his applications for a writ of habeas corpus.

> The [Supreme] Court explained that, because initial-review in a collateral proceeding of a prisoner's ineffective assistance of trial counsel claim is in many ways the equivalent of his direct appeal as to that claim, **if the state does not appoint an attorney to assist the indigent prisoner, he is denied fair process**...similar to instances in which no attorney is appointed to pursue the direct appeal or in which the appointed attorney was ineffective.

**Martinez v. Ryan**, 132 S.Ct. 1309 (2012); see also **Trevino v. Thaler**, 569 U.S. 1611 (2013) (the recognized exception in **Martinez** applies to Texas because of State's procedural framework).

> By deliberately choosing to move trial-ineffectiveness claims outside of the direct appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims.

**Martinez**, 132 S.Ct. at 1318.

## B. Discovery

Ineffective-assistance claims often depend on evidence outside the trial record. **Id**. Applicant requests discovery in this post conviction habeas proceeding. The appointment of counsel is necessary for fair and effective discovery.

2

> The courtroom is the crucible of the law, where the fire of litigation tests the intellectual and political forces that inform social policy. **Discover** - the process by which litigants identify and assemble their evidence - **provides the fuel for the fire.**

James Gibson, **A topic Both Timely and Timeless**, 10 RICH. J.L. & TECH. 49 (2004).

The primary sources of law authorizing discovery in habeas proceedings are: (1) the due process clause of Amendment XIV to the United States Constitution; (2) the Freedom of Information Act, **5 U.S.C. § 552**; (3) Texas Code of Criminal Procedure, Chapter 39; and (4) the Texas Public Information Act, **Texas Government Code, Chapter 552**. However, Applicant is unable to access these sources without an attorney.

"The TEXAS PUBLIC INFORMATION ACT does not require a governmental body [i.e. a district clerk, a district or county attorney, a law enforcement agency, Child Protective Services, a medical examiner's office, or Texas Department of Public Safety etc.] to comply with a request for information from:

* an individual who is **imprisoned** or confined in a correctional facility; or

* an agent of that individual, **other than the individual's attorney**--when the attorney is seeking information that is subject to disclosure under Chapter 552 of the TEXAS GOVERNMENT CODE."

See **TEX. GOV'T CODE § 552.028(a)** of the ACT.

The Texas Public Information Act severely hampers Applicant's ability to discover information and evidence that is exculpatory, material, admissible, in the possession of the State and other governmental bodies, and unknown to Applicant. Therefore, appointment of counsel is necessary for fair and effective

3

discovery.

## C. Evidentiary Hearing

Applicant asserts that an evidentiary hearing will be necessary in order to permit him to develop the facts and to provide the proof to support his claim.

Regarding the Confrontation Clause, the Supreme Court of the United States wrote:

> "To be sure, the [Confrontation] Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination...Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes."

**Melendez-Diaz v. Massachusetts**, 129 S.Ct. 2527, 2536 (2009) (citing **Crawford v. Washington**, 124 S.Ct. 1354 (2004).

While Applicant is not claiming a right to confront his former trial attorney the same as if an evidentiary hearing were a trial setting, he asserts that the only way the Court can properly resolve the questions of whether Applicant was denied the effective assistance of trial counsel would be to schedule a live evidentiary hearing, at which time Applicant would be able to both introduce testimony supporting his claims, and test the reliability of the statements made by his trial counsel in the **"crucible"** of the courtroom.

Counsel must be appointed if an evidentiary hearing is ordered and the applicant is indigent and desires counsel. See **Ex parte Evans**, 964 S.W.2d 643, 648 (Tex.Crim.App. 1998); **TEX. CODE CRIM. PROC. art. 11.07 § 3(d)** ("that the interests of justice require

4

representation of a defendant in a criminal proceeding"); **TEX. CODE CRIM. PROC. art. 26.05(f)** (appointed counsel shall be paid from the general fund of the county in which the evidentiary hearing is held).

## CONCLUSION

In sum, Applicant is an eligible indigent defendant who is entitled to have an attorney appointed to represent and assist him "in the interests of justice." Appointment of counsel is necessary in order to afford Applicant a reasonably adequate opportunity to present his claimed violations of constitutional rights to the Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant, Thomas Joseph Eppelsheimer, prays that the Honorable Court concludes that he is indigent and that the interests of justice require representation in the habeas proceeding. Applicant prays that an attorney will be appointed to represent and assist him in filing an application for a writ of habeas corpus and any other habeas proceeding.

Dated: **July 9, 2015.**

Respectfully submitted,

THOMAS JOSEPH EPPELSHEIMER
APPLICANT
TDCJ No. 01832429
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

5

EXHIBIT 1

NOS. F11-71319-X(A), F11-71623-X(A),
F11-71624-X(A) & F11-71625-X(A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL DISTRICT |
| | § | |
| | § | COURT NO. 6 OF |
| | § | |
| THOMAS JOSEPH EPPELSHEIMER | § | DALLAS COUNTY, TEXAS |

## APPLICANT'S AFFIDAVIT OF INDIGENCY

Thomas Joseph Eppelsheimer, Applicant in this cause, state the following under penalty of perjury:

My name is Thomas Joseph Eppelsheimer. I am prisoner number 01832429. I am over 21 years of age, of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated.

(1) I am presently incarcerated in the Mark W. Michael Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money;

(2) I have no source of income;

(3) I currently have $ 29.ᵃ creditted to me in my Inmate Trust Fund Account;

(4) I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I receive no interest or dividend income from any source; and

(5) I owe $ 2400ᵃ in court costs and fines.

### INMATE'S DECLARATION

I, Thomas Joseph Eppelsheimer, TDCJ No. 01832429, being presently incarcerated in the Mark W. Michael Unit of the TDCJ in Anderson County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED on this the 9th day of July, 2015.

_____
THOMAS JOSEPH EPPELSHEIMER
AFFIANT/APPLICANT